Mr. Groves, yes, your honor, please begin your argument. Thank you. If it may please the court. My name is Greg Groves and I have the privilege of representing Gary Hodge in this matter and Gary Hodge is the appellant is respectfully requesting this court to reverse the district court's granting of Walgreen's motion for summary judgment. We're requesting that reversal because the substantive law of Missouri requires that Mr. Hodge be given all the reasonable inferences and those inferences create a factual issue of whether the lip created by the unevenness between the sidewalk and the pavement was in fact a dangerous condition. Counsel for Walgreens and I do not disagree on a lot of facts and we don't disagree on the law. This court reviews this summary judgment to no vote. This court has the standard by the parties in the briefs and we agree on what the standard of law for deciding a motion for summary judgment is. We simply disagree on whether there is a factual issue of whether there was a dangerous condition and just as we did in the brief, we would like to first direct this court's attention to its own opinion, the Eighth Circuit's opinion in Shanner versus United States and that case a gentleman tripped on an uneven sidewalk and was injured and I understand counsel's arguments but the district court granted summary judgment and the trial court reversed or the I'm sorry the Eighth Circuit, this court reversed the granting of summary judgment. Now counsel for Walgreens suggests well that case really doesn't apply and the reason it is really dealing with an open and obvious condition and I agree with that. That case is dealing with an open and obvious condition. This case before the court right now, Hodge versus Walgreens is not. Open and obvious is not an issue but here's why I think that distinction is really without a difference. The reason that distinction is without a difference is that before you even get to the issue of worry about whether a condition is open and obvious until it's presumed that there's a dangerous condition and I think that in this court's opinion in Shanner says as much. The court specifically says on a couple of times you know given the standard when there is a dangerous condition, then you look at open and obvious. It says when there is a dangerous condition, you look at whether others would appreciate that risk. And so from that standpoint, I think the Shanner case is good law and I think... Counsel, aren't there also evidentiary differences in the two cases in that there was expert testimony in the record in the Shanner case? Absolutely, your honor and let me address those. Number one, one of the things that they cited in the Shanner case and the counsel for Walgreens points out in her brief is that there was testimony as to the height differential. And we don't have differential or height differential in this case and I would argue a couple of things. I would argue number one, whether a condition is dangerous or not should not come down to an arbitrary measure of whether we're talking half an inch, an eighth of an inch, a full inch or whatever. So I would argue that first. Second, I think both counsel for Walgreens and the district court wants to put the burden on plaintiff, but the burden for summary judgment is not on plaintiff. And this is something that if there was a height differential issue that they wanted to address like they do in their brief, that property is right there. They're in control of that property. They could have gone out, done the measurement and said, hey, here we are. This is what the height differential is. And I don't know. Now you said that you said the magic word plaintiff's case. And I'm sorry. No, no, no, no, no. I meant by that. That sparked the thought in my mind, which is he cocks. I bet you're familiar with the court appeals opinion. And I'm going to call HECOX, H-E-A-C-O-X, Missouri Court of Appeals in 92. And and that and there, of course, directed verdict court appeals affirmed, saying there's no evidence in plaintiff's case as to the degree of incline. And so therefore, nothing for the jury. And you put that with because your time short mismeans testimony. It's pretty much the same level, says disinterested witness mismeans. So isn't that the controlling authority on this case, the HECOX case? I don't think so. And here's why, your honor. Number one, at least in HECOX, they had the opportunity to present it to the trial. They got passed. As you pointed out, it was a directed verdict. So they got past summary judgment. I think that's argument number one. Number two, you know, there was a summary judgment motion in that case. It's not favored. Do you know that there was a summary judgment motion in that case? I don't recall. And I don't know. I don't know either. As you know, they're disfavored in some Missouri courts. Go ahead. Right. So so that one was a directed verdict, not a summary judgment. Yes, true. Go ahead. Second, there was no uneven surface here. Everybody agrees that there was an uneven surface in HECOX. It was just an incline. And there was no nothing about that at all. Here we have a clear uneven surface. And even Means, and I appreciate what Means said. And again, I think that's for a jury. But even Means suggests that there was a lip and that she fell at the point where the bricks met the sidewalk. The court has the photographs. But the district court himself found or the district court itself found that there was an unevenness. And you don't have that in HECOX. But you exhibit your best picture is exhibit. A the best is probably the best picture we have. And thank you very much. Proceed. Yes. And then the other thing I would say about HECOX is that it's actually criticized by Tiger versus Quality Transportation, a case we've cited in our briefs as well. And so I think HECOX, while I understand the reason for citing that case, I don't think that case is apposite at all to the facts of of where we are. And and speaking of Tiger, I really think that is is the case that the court should look at, because and I think this goes back to your issue, Mr. Smith, in terms of distinction and height, differential, et cetera. There is nothing in Tiger to suggest that what that height differential was. Tiger is simply an uneven or a cracked sidewalk. And that's that's all we hear. And the court does not or actually reverses the granting of summary judgment. So for that reason, I think Tiger is a controlling case. And again, I think it points out the fact that some of the differences cited in Shanner do not apply. The other thing which I'd also like to say about that distinction, Judge Smith, that you brought up, is that with regard to Shanner and your question about expert witnesses, RYCAL, a case we've cited in our brief, says you can show it on circumstantial evidence. And here the circumstantial evidence is there's a lip plaintiff fell on the lip. And therefore, that in and of itself is enough in our mind to show the circumstantial existence of a dangerous condition. And I'd like to reserve the remainder of my time, if I may. May it please the court? Judge Smith, I think you're on mute. Thank you. You'd think I'd figured that out by now. Sorry. Please proceed. Good morning. I'm Kristi Crawford, and I represent Walgreen Company in this appeal. And we'll just get right down to it. The plaintiff tries to put the burden on Walgreen to show that the lip was not a dangerous condition. But that's not Missouri law. That is an essential element of a claim for premises liability. The plaintiff has to show there was a dangerous condition on Walgreen's premises that was not reasonably safe. And he also has to show that Walgreen knew, or through the exercise of ordinary care, could have known of the condition and failed to remove it, remedy, or warn of it. Counsel, is the first issue, the first element that you've described, that's the only one that the district court ruled on. Is that correct? Yes, that's correct. And... Go ahead. And what I was going to say is that is a key element. If the plaintiff can't show a dangerous condition on the property, cause the injuries, then their case fails. I mean, that's the essential part of a claim for premises liability, is that there's... Counsel, if looking at this, all inferences in favor of the non-moving party, the plaintiff here, if everyone agrees that it's an uneven step area, there was a fall, why wouldn't this at least get beyond this stage and let it proceed further? Why not? First, the fact that the plaintiff fell does not show there's a dangerous condition. We know that people trip and fall over things all the time. This case, the plaintiff hasn't even alleged that there's anything particularly wrong with the lip. It's just they claim the existence of it is dangerous. There's no claim that the lip is too high. There's no claim that it's hard to navigate the lip. There's no claim that you can't see the lip. There's no evidence that was presented from which it can be inferred that this lip is any more dangerous than the curve of a sidewalk or anything else that you encounter in daily life. Well, let me follow up. I guess I'm curious about what you said they didn't present. What the exhibit, I think it's exhibit A. Is that the one that Judge Fenton was referring to, the best photo? You've listed some things they didn't present. What else would they present to meet a standard that you've described? This would be a different situation if there was evidence that the lip or the sidewalk wasn't constructed in compliance with applicable building codes, or I'm sorry, yeah, building codes, or if there was evidence of prior falls. But there's no evidence that would suggest that Walgreens knew or should have known that this lip presented a dangerous condition. Well, I'm going to stop you. I think we're not at the should have known, right? Are we just, the district court didn't rule on that. Am I right? You are correct, but that is the reason why we need proof of a dangerous condition. There's got to be some foreseeability, some reason why the possessor of land should want to remedy or remove or warrant of a condition. In this case, they're saying the lip existed and all of the inferences indicate the plaintiff tripped on the lip, but there's nothing showing why it's dangerous or that it's something about the lip that was the cause of the plaintiff's fall, something that would involve negligence on the part of Walgreens. So it has to be, in your view, it has to be more than an unevenness. Correct. There's unevenness in daily life. They did cite to Shanner versus United States, and that case involved uneven slabs of a sidewalk. I will agree. Most people assume that a sidewalk slabs, that they're going to be fairly even. This is a situation where we're talking about a lip that was between the lip from the asphalt pavement up to a sidewalk. I, there's just. Counselor, if Judge Kelly's, I think so she's done. If Judge, if her honor's done, let me ask you, one inch would be enough though, right? Under some Missouri cases, if they'd simply had evidence of a one inch unevenness, that's Bartle and, you know, the size of a half dollar or silver dollar, whatever that is, that's enough, right? Well, I think that could be enough that somebody could trip on it. But there's nothing that would show that even if it was half inch or an inch, that that's a dangerous situation. Well, you're right. You're right at that. Now you're against Smith versus Calloway Bank. You may know that's the infamous lava rock, the size of the half dollar or silver dollar. They say it's a dangerous condition, right? The court of appeals does, correct? And Smith versus Calloway. Smith versus Calloway Bank. Yeah. Yes. Yes. But the court said that there was an issue of material fact as to whether that could be a dangerous condition. So if they, if they hear it, had it, I'm going to, I'm cutting off for a second. Feel free to come back to what you're going to say. But, but, but so if they would have said it was an inch, I think Judge Wimes would view the case differently. What do you think? With Smith versus Calloway Bank, what we're dealing with was lava rocks on a sidewalk, something foreign to the sidewalk, something different. This case involves the lip of the sidewalk. Okay. Now do Bartle then. Bartle's the one inch case. You know, are you familiar with Bartle versus Central Markets, a 95 Missouri court of appeals case? No, I'm not, your honor. Okay. And Mays, Mays versus region banks. It's a federal district court. That's a half an inch. That, that lets it go past summary judgment. And yes, yes, it does go, let it go past summary judgment. Okay. And I apologize. No, that's okay. But, but so, but you can see at some point, my goodness, if it gets to be like three inches, you know, about three inches is you can't tell either. But, but surely three inches, huh? There has to be some lip here that that's, that's good enough to be dangerous. And I agree that there is a standard. And as I said, there's no indication that this lip at first, there's no evidence that was presented as to the actual height of the lip. There's also no evidence that would indicate that that height differential for some reason is a dangerous condition. Like I said, such as applicable building codes that are used to make sure that sidewalks and things are constructed in a manner that's safe for the general public. And we just, there is means this testimony pretty much the same level. Okay. Yes, that's correct. Which indicates to me that the height differential is very minimal. When this independent witness is saying it's pretty much the same level. I'm not seeing it. And that's the issue in this case. It would be unfair to hold Walgreens liable for a fall when no one can really articulate why this lip is dangerous. What about it should Walgreens fix? What about it should have worn up? Like I said, there's no evidence. There's no one saying that you can't see the lip. There's no one saying that it's impossible to navigate the lip. In fact, there was evidence to the contrary that the plaintiff and his sister had been to this Walgreens store many times and parked in approximately the same spot. And so that's what's fatal to the plaintiff's case. There has to be some evidence, something from which we can infer that this lip is a dangerous condition. The fact that the plaintiff tripped on it is not enough. Like I said, people trip every day over conditions that are not dangerous. They're just normal. And because the plaintiff failed to meet his burden to prove that this lip or at least provide some evidence that would show us why or how this lip was a dangerous condition, he can't meet his burden at trial. And that's the purpose of having a summary judgment at this point. And for those reasons, the district court's entry of summary judgment should be affirmed. Thank you. Thank you, Ms. Crawford. Mr. Groves, your rebuttal. There we go. Thank you. Thank you, Your Honor. At trial, it will be my burden to show all the elements. And that's what we're asking this court to do is reverse summary judgment so that we can get to trial. A couple of things, because I don't believe it's our burden. I don't think Ms. Crawford believes it's our burden on summary judgment. But a couple of things. I would agree that the mere falling in and of itself by itself with nothing more probably doesn't get me to a defective condition. But when you have falling and a lip or an unevenness, then I think you do get to a defective condition. And that's... Counsel, don't you have to have some evidence, though, of the degree of unevenness? Wouldn't it be necessary to evaluate the dangerousness? I don't think you have to have an arbitrary measure, Your Honor. I think you do have some degree of unevenness. And if you look at Exhibit A, it shows that there's some degree of unevenness. And the trial court found that degree of unevenness. Now, we don't know the actual height of it. That's not in the record. But there is some degree. And when counsel for Walgreens says, well, this is no different than a curb, I would disagree. Because if you look at Exhibit A, you have most of the asphalt lining up with the sidewalk in a regular basis. And it looks smooth. And then you have the place where Mr. Hodge fell that clearly shows a difference between what is normal. And as a result of that, I think that and the Tiger cases, I think you have enough to show an unreasonable dangerous condition and to survive summary judgment. I'm out of time. And I appreciate this court's attention to this matter. All right. Thank you, Mr. Groves. Thank you also, Ms. Crawford. We appreciate both counsel's participation and argument before the court this morning. We'll continue to study your briefing materials and render decision in due course. Thank you.